IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| RUSSELL FELLOWS PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220307N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | **ORDER GRANTING** |
| Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss and Make More Definite and Certain (Motion), filed June 17, 2022.  Plaintiff filed its Supplemental Response on August 23, 2022, and Defendant filed its Reply on September 6, 2022.  This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff challenges the value of property identified as Accounts R246003 and R246004 (subject property) for the 2020-21 tax year.  (Compl at 1.)  Plaintiff attached 2021-22 real property tax statements for the subject property but did not provide any separate notices or statements for the 2020-21 tax year.[1]  (*Id*. at 3-4.)  Plaintiff concedes that it failed to appeal to the Board of Property Tax Appeals (BOPTA) for the 2020-21 tax year, but it is unclear whether Plaintiff appealed to BOPTA for the 2021-22 tax year.  (*See* Ptf's Rep at 1.)  Defendant moves to dismiss Plaintiff's appeal of the 2020-21 tax year because Plaintiff failed to appeal to BOPTA as required under ORS 305.275 and requests that Plaintiff's provide its 2021-22 BOPTA Order as required under Tax Court Rule Magistrate-Division 1B.  (Def's Mot at 1-2; Def's Reply at 3.)

/ / /

---

[1] The 2021-22 property tax statements also list the 2020-21 values.

## II. ANALYSIS

The issue is whether the COVID-19 state of emergency is "good and sufficient cause" under ORS 305.288(3) for Plaintiff's failure to appeal to BOPTA for the 2020-21 tax year.[2]

Generally, Oregon law requires taxpayers to first appeal to BOPTA to challenge the value of their property for tax assessment. ORS 305.275.[3] The process for appealing to BOPTA is described in ORS 309.100. *See also* ORS 309.026 (describing time period for BOPTA hearings and scope of its review). If a taxpayer may appeal to BOPTA, "then no appeal may be allowed" to this court. ORS 305.275(3).

"If a taxpayer failed to appeal to BOPTA, the taxpayer may still appeal to this court for the current or past two tax years under certain circumstances" described in ORS 305.288. *Shevstov v. Multnomah County Assessor*, TC-MD 210079N, 2022 WL 110155 at *3 (Or Tax M Div Jan 12, 2022).[4] To appeal under ORS 305.288(3), the taxpayer must have "no statutory right of appeal remaining" and the court must determine that "good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." Under ORS 305.288(5)(b), "good and sufficient cause" means "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." Thus, ORS 305.288 sets forth a two prong-test to find "good and sufficient cause." The first prong is an extraordinary circumstance beyond the taxpayer's control. The second prong is a causal connection between the extraordinary circumstance and the taxpayer's failure to pursue the statutory right of appeal. *Karamanos Holdings Inc. v. Multnomah County Assessor*, 21 OTR

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

[3] Appeals of state-appraised industrial property are filed directly in the Tax Court. ORS 305.403.

[4] ORS 305.288(1) allows an appeal for certain property used primarily as a dwelling if the correction is equal to or greater than 20 percent of the real market value, but Plaintiff does not attempt to rely on that provision.

198, 202 ("In order to qualify for the benefits of ORS 305.288, a taxpayer needs to show not only that some 'circumstance' occurred, but also that its occurrence 'caused' a failure.")

This court has held that "good and sufficient cause" includes, "death or serious illness; unavoidable and unforeseen absence; lapses in the assessor's performance of his or her duties; or fire, disaster, or other casualty." *Kirtz v. Washington County Assessor*, TC-MD 021123A, 2002 WL 32107259 at *2 (Or Tax M Div Dec 27, 2002). Plaintiff asks this court to find that the COVID-19 pandemic is "prima facia good and sufficient cause" for failing to timely file an appeal to BOPTA. (Ptf's Supp Resp at 2). In support of its argument, Plaintiff points to the Chief Justice Order (CJO 20-027) extending time periods for appeal to this court during the COVID-19 state of emergency declared by the Governor.[5] *Id*. The COVID-19 pandemic is an extraordinary circumstance beyond the taxpayer's control. However, Plaintiff has failed to demonstrate any causal link between the COVID-19 pandemic and Plaintiff's failure to pursue its right to appeal to BOPTA. For that reason, Defendant's Motion to Dismiss must be granted.

Plaintiff requested leave to amend its Complaint to add claims under ORS 311.205. Leave to amend a complaint "will be freely given when justice requires." Tax Court Rule 23 A. Plaintiff's request to amend its Complaint is granted.

### III. CONCLUSION

Without evidence showing a causal connection between the COVID-19 pandemic and Plaintiff's failure to appeal to BOPTA, Defendant's Motion to Dismiss must be granted. Plaintiff may amend its Complaint to include any additional claims it has. Now, therefore,

---

[5] CJO 20-027 extended statutory time limitations to appeal to this court, however it did not extend deadlines to appeal to BOPTA nor relieve taxpayers from the requirement to appeal to BOPTA before appealing to this court under ORS 305.275(3). *See also NW Northrup Properties, LLC v. Multnomah County Assessor*, TC-MD 210006N, 2021 WL 3616177 at *4 (Or Tax M Div Aug 16, 2021) (noting that the CJO "applies to appeals to the Magistrate Division" and concluding that it did not extend the tax years open for review under ORS 305.288 because that statute is not one that imposes a time limitation or time requirement for commencement of the appeal).

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

IT IS FURTHER ORDERED that, within 30 days of this Order, Plaintiff must file its amended complaint stating any additional claims for the 2020-21 tax year.

IT IS FURTHER ORDERED that, within 30 days, Plaintiff must respond to Defendant's Motion to Make More Definite and Certain for the 2021-22 tax year.

Dated this _____ day of November 2022.


_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Magistrate Allison R. Boomer and entered on November 15, 2022.***